**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 01-3052-MWB |
| vs. | **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |
| MINGO FLORES, | |
| Defendant. | |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . . 3
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        *2. Claims of ineffective assistance at issue here* . . . . . . . . . . . . 8
            *a. Failure to argue his written plea agreement was breached* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
            *b. Failure to argue his inability to understand the proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
            *c. Failure to explain that the court could impose an upward departure* . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
            *d. Failure to argue his sentence violated double jeopardy standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.  INTRODUCTION AND BACKGROUND

On October 5, 2001 defendant Mingo Flores was indicted on one count of possession with the intent to distribute approximately 391 grams of a substance containing a detectable amount of lysergic acid diethylamide (LSD), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Defendant Flores subsequently entered a plea of guilty. The undersigned departed upwards from the sentencing guidelines and sentenced him to 235 months imprisonment.  *See United States v. Flores*, 223 F. Supp. 2d 1016, 1033 (N.D. Iowa 2002), *aff'd*, *United States v. Flores*, 336 F.3d 760 (8th Cir. 2003). Defendant Flores appealed his sentence, alleging this court imposed an unreasonable sentence and erred in departing upward from the guidelines.  The Eighth Circuit Court of Appeals denied his appeal.  *See Flores*, 336 F.3d at 760.

Defendant Flores then filed a pro se application for a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody that is now before the court.  The United States resisted the application.  Defendant Flores was granted additional time to file his reply brief, but failed to do so.

Defendant Flores's § 2255 motion raises four grounds for relief.  It is difficult, however, to comprehend his stated grounds for relief due to the nature of his pro se application.  Moreover, there is no further clarification because defendant Flores failed to file a reply brief.  Nevertheless, the court will liberally construe his application as stating the following four grounds:  (1) his counsel was ineffective in failing to argue his written plea agreement was breached as a result of this court's upward departure at sentencing; (2) his counsel was ineffective in failing to argue he lacked the capacity to understand the proceedings against him; (3) his counsel was ineffective in failing to explain to him that the court could impose an upward departure at sentencing; and (4) his counsel was

2

ineffective in failing to argue a double jeopardy violation existed based on his enhanced sentence as a result of his previous state court conviction.[1]

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution

---

[1] Defendant Flores failed to raise any of these grounds for relief on direct appeal, *see Flores*, 336 F.3d at 763, and only explicitly framed his third ground as an ineffective assistance of counsel claim. As the court's following discussion of § 2255 standards makes clear, a defendant is generally prohibited from raising issues for the first time in § 2255 proceedings unless the defendant can show "cause and actual prejudice," *Bousley v. United States*, 523 U.S. 614, 622 (1998), which a defendant may be able to do by asserting a claim of ineffective assistance of counsel. The United States specifically argues defendant Flores is procedurally barred from raising his remaining three grounds for this reason. The court, however, has generously framed all of defendant Flores's grounds as ineffective assistance of counsel claims to provide him an opportunity to escape § 2255's procedural bar.

3

or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1346 (2006). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

4

dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, a "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'"), *cert. denied*, 126 S. Ct. 2341 (2006) (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### B. *Ineffective Assistance Of Counsel*

The underlying merits of defendant Flores's claims, as the court has discerned them, lie in whether he can demonstrate ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused

5

shall enjoy the right . . . to have the Assistance of Counsel for his defense." *U.S. Const. amend*. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, the court will address defendant Flores's specific claims after briefly reviewing the standards for a claim of ineffective assistance of counsel.

### 1. *Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland*

6

*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the

7

outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)). The court will now consider defendant Flores's four ineffective assistance of counsel claims as stated in his motion for § 2255 relief.

### 2.    *Claims of ineffective assistance at issue here*
#### a.    *Failure to argue his written plea agreement was breached*

Defendant Flores contends his counsel was ineffective for failing to argue his written plea agreement was breached as a result of this court sentencing him to 235 months imprisonment. The plea agreement, however, specifically recognized the parties agreed "that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed," and that "the United States makes no promises as to the sentence to be imposed." Plea Agreement at p. 6, para. 18. The plea agreement also recognized the district court would sentence defendant Flores according to the factors present in the case, including his criminal history, as established by the United States Sentencing Guidelines. *Id.* Largely because of his criminal history, this court departed upward and sentenced him to 235 months imprisonment. *See Flores*, 223 F. Supp. 2d at 1033. Furthermore, at the time the court accepted his plea, defendant Flores acknowledged "[Judge Bennett] could calculate the guidelines differently, either higher or lower, even though the stipulation is being made." Plea Tr. at p. 17. He even acknowledged he could be sentenced to prison for life. *Id.* Under these circumstances it

8

was not a breach of defendant Flores's written plea agreement to sentence him to 235 months imprisonment. Therefore, defendant Flores has not proven his counsel's performance was deficient in failing to argue his plea agreement was breached. This part of defendant Flores's motion is denied.

### b. *Failure to argue his inability to understand the proceedings*

Defendant Flores argues he was lost in a "world of words" because he did not understand the "legalese" involved. He does not, however, articulate exactly what he was not able to understand, and he was represented by counsel at all times in these proceedings. In addition, at the time the court accepted his guilty plea, defendant Flores acknowledged he could speak, read, write and understand the English language. *Id.* at p. 4. He also indicated he achieved senior status in high school, although he did not graduate. *Id.* The court specifically found defendant Flores "competent to go ahead with these [plea] proceedings." *Id.* at p. 7. While it is likely true defendant Flores could not understand the legalese in these proceedings, that does not prove his counsel should have argued his incapacity before the court, or that such incapacity would entitle him to relief. There is nothing to suggest defendant Flores could not understand the proceedings against him so as to indicate a violation of our laws. Under these circumstances defendant Flores has not proven his counsel's performance was deficient in failing to argue he could not understand the proceedings against him. This part of defendant Flores's motion is denied.

### c. *Failure to explain that the court could impose an upward departure*

Defendant Flores also argues "the upward departure was not defined coherently by said c[ounsel]." Defendant's § 2255 Motion at p. 5. Even assuming defendant Flores's counsel failed to adequately explain the nuances of the sentencing to him, it is not clear his counsel rendered deficient performance by failing to do so in this case. The court has already indicated how defendant Flores specifically agreed in the plea agreement and

9

acknowledged at his plea hearing that his sentencing would be solely determined by this court at sentencing. Thus, it appears defendant Flores knew that his sentence could be longer than he was expecting, and there was no need for his counsel to explain it further to him. Moreover, even assuming defendant Flores's counsel failed to adequately explain the sentencing to him and that this failure was deficient performance by his counsel, it is unclear how such deficiency prejudiced him. Defendant Flores offers nothing in the way of how the outcome of his conviction or sentence would have been different had his attorney defined the sentencing "coherently." Under these circumstances defendant Flores has not shown his counsel was ineffective in this respect. This part of defendant Flores's motion is denied.

### d. Failure to argue his sentence violated double jeopardy standards

Finally, defendant Flores argues he has twice been placed in jeopardy for the same offense because his federal sentence was enhanced due to a state court conviction he was already convicted and sentenced for. The Eighth Circuit Court of Appeals, however, has explicitly rejected such an argument. *See United States v. Bates*, 77 F.3d 1101, 1106 (8th Cir. 1996) ("This court has similarly rejected the idea that the use of a defendant's prior convictions to enhance his sentence subjects him to a second conviction or punishment for the same offense."). As a result, his counsel could not have been deficient in failing to raise a losing argument, and his claim for ineffective assistance of counsel fails. This part of defendant Flores's motion is also denied.

### C. Certificate Of Appealability

Defendant Flores must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77

10

(8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox*, 133 F.3d at 569.  Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The court determines that defendant Flores's application does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c).  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P.  22(b).  With respect to defendant Flores's claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III.  CONCLUSION

Defendant Flores's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**.  Moreover, the court determines that the petition does not present questions of substance for appellate review.  *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).  Accordingly, a certificate of appealability will not issue.

11

**IT IS SO ORDERED.**

**DATED** this 16th day of August, 2007.

                                              MARK W. BENNETT
                                              U. S. DISTRICT COURT JUDGE
                                              NORTHERN DISTRICT OF IOWA